MURRAY, APPELLANT, v. CURTIS, RESPONDENT.

(No. 4,537.)

(Submitted April 15, 1922. Decided May 8, 1922.)

[206 Pac. 1087.]

*Real Property—Partition—Sale—Decree Directing Partition by Metes and Bounds—Evidence—Sufficiency.*

1. In an action in partition for sale of city property, a decree awarding partition by metes and bounds *held* proper, the preponderance of the testimony showing that thus the best interests of the parties would be served.

*Appeal from District Court, Silver Bow County; John V. Dwyer, Judge.*

ACTION in partition by James A. Murray against Mattie F. Curtis. From a decree of partition by metes and bounds, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Nolan & Donovan* and *Mr. George Bourquin,* for Appellant.

*Mr. William Meyer,* for Respondent.

MR. CHIEF COMMISSIONER POMEROY prepared the opinion for the court.

The plaintiff and defendant are each the owners of an un-
[1] divided one-half interest in a lot on West Granite Street, between Main and Montana Streets, in the city of Butte. The plaintiff brought this action in partition for a sale of the premises, alleging in his complaint facts showing a partition could not be made without a great prejudice to the owners. The contention of the plaintiff was controverted by the answer, which by way of affirmative relief set forth facts entitling defendant to a partition of the property by metes and bounds. The issues were tried to the court and found in favor of the defendant. An interlocutory judgment was entered for a partition of the property. The appeal is from that judgment.

The single assignment of error is: "The court erred in directing a division of the property by metes and bounds." The lot in question is 30.30 feet wide in front, 100 feet deep, and 33.24 feet wide at the rear. It is an inside lot and there is no alley abutting it. The improvements are of only nominal value. The preponderance of the testimony is to the effect that in the vicinity of this lot, the best returns are from small one-story buildings, such as could be erected upon each of the tracts, into which it is proposed by the interlocutory decree to divide the lot, and that the value per front foot of the separate lots would be equal to that of the lot undivided. The judgment should therefore be affirmed.

It is recommended that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*